

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DANIEL CURTIS BARNES, II,

      Plaintiff,

v.                                    Civil Action No. **3:07CV195**

BASKERVILLE CORRECTIONAL CENTER
MEDICAL STAFF, *et al.*,

      Defendants.

### MEMORANDUM OPINION

Plaintiff, a Virginia inmate, brings this 42 U.S.C. § 1983 action. The matter is before the

Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction is appropriate

pursuant to 28 U.S.C. § 1343(a)(3).

This Court must dismiss any action filed by a prisoner if the Court determines the action

(1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C.

§ 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an

indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly

baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*,

490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss

under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint;

importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the

applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.

1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356

(1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded

allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.

In the present complaint, Plaintiff alleges that his rights were violated by Mrs. G. Harris and the Baskerville Correctional Center Medical Staff. In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). Plaintiff must identify the person or persons who purportedly violated his rights. *See Brownlee v. Williams*, No. 2:07cv0078, 2007 WL 904800, at *2 (D.S.C. Mar. 22, 2007). Thus, Plaintiff's allegations that unspecified prison personnel violated his rights does not adequately state a § 1983 claim. *See id.*; *Ferguson v. Morgan*, No. 1:90cv06318, 1991 WL 115759, at *1 (S.D.N.Y. June 20, 1991) (concluding that the Otisville Correctional Facility Medical Staff is not a person for purposes of § 1983). Accordingly, Plaintiff's claims against the Baskerville Correctional Center Medical Staff will be DISMISSED. The Court will proceed to serve Mrs. G. Harris.

An appropriate Order will accompany this Memorandum Opinion.

Date: JUN 2 5 2008
Richmond, Virginia

/s/
Richard L. Williams
United States District Judge